**LANDMAN CORSI BALLAINE & FORD P.C.**
One Gateway Center, Fourth Floor
Newark, New Jersey 07102-5388
973-623-2700
Attorneys for Plaintiff General Star Indemnity Company

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GENERAL STAR INDEMNITY COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.<br>) |
| **DREAM ON ME INDUSTRIES, INC.,** | )<br>) |
| Defendant. | )<br>)<br>) |

### PLAINTIFF GENERAL STAR INDEMNITY COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT AND RECOUPMENT

Plaintiff General Star Indemnity Company ("General Star"), 120 Long Ridge Road, Stamford, CT 06902, for its Complaint for Declaratory Judgment against Defendant Dream On Me Industries, Inc. ("Dream On Me"), 126 Helen Street, South Plainfield NJ 07080, alleges on knowledge, information and belief as follows:

### NATURE OF ACTION

General Star seeks a declaratory judgment that the commercial general liability policy (the "Policy") it issued to Dream On Me d/b/a Babies Kingdom, Inc. does not afford coverage for a lawsuit (the "Underlying Action") against Dream on Me. General Star also seeks to recoup amounts it paid to defend Dream on Me under an express reservation of the right to recoupment.

## PARTIES

1. General Star is an insurance company organized under the laws of the State of Delaware with its principal place of business in Connecticut. General Star is therefore a citizen of Delaware and Connecticut.

2. Dream on Me is a company organized under the laws of the State of New York with its principal place of business in New Jersey. Dream on Me is therefore a citizen of New York and New Jersey.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff (General Star) and the defendant (Dream on Me). The amount in controversy exceeds $75,000, exclusive of interest and costs. On information and belief, the claimant in the Underlying Action seeks over $75,000 in alleged damages. In addition, General Star seeks recoupment of $49,115.48 from Dream on Me.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Dream on Me resides in this district.

## BACKGROUND

**The Policy**

5. General Star issued the Policy to Dream on Me d/b/a Babies Kingdom, Inc. for the policy period February 8, 2016 to February 8, 2017. The Policy has an aggregate limit of $2 million and a per occurrence limit of $1 million. A true and correct copy of the Policy is attached as Exhibit A.

6. The Policy was issued to Dream on Me's principal place of business at 125 Helen Street, South Plainfield, New Jersey.

7. Subject to the terms, conditions and limitations of the Policy, the insuring agreement of Coverage A of the Policy states, in relevant part, as follows:

>We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

8. Endorsement 9 to the Policy provides as follows:

>This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of any of "your products" shown in the Schedule.

The Schedule of designated products lists "Any and all drop sided cribs, infant and toddler car seats."

**The Underlying Action**

9. The complaint in the Underlying Action was filed on or about November 28, 2016. The case caption is *Y. Schonbrun v. Dream on Me Industries, Inc., et al.*, No. 521012/2016 (N.Y. Sup. Ct., Kings County). A true and correct copy of the complaint is attached as Exhibit B.

10. The complaint alleges that Dream on Me produced a portable crib designated Dream on Me Portable Crib Model #625.

11. The complaint further alleges that on or about December 6, 2014, the infant plaintiff was injured while using Dream on Me Portable Crib Model #625 when the crib collapsed.

**The Claim for Coverage**

12. Dream on Me tendered the Underlying Action to General Star for coverage under the Policy.

13. On or about February 13, 2017, General Star denied coverage on the basis that Dream on Me Portable Crib Model #625 was a drop-sided crib and therefore Endorsement 9 precluded coverage for the Underlying Action. A true and correct copy of the February 13, 2017 letter is attached as Exhibit C.

14. Dream on Me represented that the crib at issue in the Underlying Action was not a drop-sided crib. Specifically, Dream on Me informed General Star that it had stopped making Dream on Me Portable Crib Model #625 in 2009. Dream on Me also advised General Star that it had reviewed photographs of the crib at issue in the Underlying Action, and the crib did not have a drop side.

15. On March 13, 2017, General Star issued a revised coverage position. General Star apprised Dream on Me that it would furnish a defense for the Underlying Action under reservation of rights. General Star expressly reserved the right to deny coverage under Endorsement 9 to the extent that the crib at issue in fact had a drop-side, including the right to withdraw its defense. General Star further reserved the right to recoup any amounts that it paid, including for defense costs. A true and correct copy of the March 13, 2017 letter is attached as Exhibit D.

16. During discovery in the Underlying Action, defendants inspected the crib at issue.

17. On or about January 15, 2019, defense counsel for Dream on Me confirmed that the crib at issue has a drop side.

18. On February 4, 2019, General Star sent a letter notifying Dream on Me that it was denying coverage for the Underlying Action based on Endorsement 9. General Star again reserved the right to recoup any amounts that it paid, including for defense costs. A true and correct copy of the February 4, 2019 letter is attached as Exhibit E.

### COUNT ONE

**Declaratory judgment that General Star has no duty to defend or indemnify Dream on Me for the Underlying Action under the Policy**

19. General Star repeats and incorporates the allegations in paragraphs 1 through 18 of its Complaint.

20. An actual controversy exists between General Star, on the one hand, and Dream on Me, on the other hand, regarding whether General Star has a duty to defend or indemnify Dream on Me for the Underlying Action under the Policy.

21. Endorsement 9 to the Policy defines the types of products that are covered under the Policy. Endorsement 9 provides that the Policy does not apply to bodily injury arising out of "any and all drop-sided cribs."

22. The plaintiff in the Underlying Action alleges he was injured while using Dream on Me Portable Crib Model #625 when the crib collapsed. The crib at issue is a drop-sided crib.

23. General Star therefore is entitled to a declaration that it has no duty to defend or indemnify Dream on Me for the Underlying Action.

## COUNT TWO

**Reimbursement of amounts paid under the Policy for the Underlying Action**

24. General Star repeats and incorporates the allegations in paragraphs 1 through 18 of its Complaint.

25. General Star made a timely and express reservation of rights to deny coverage for the Underlying Action based on Endorsement 9 and to recoup any amounts paid by General Star under the Policy for the Underlying Action.

26. To date, General Star has paid $49,115.48 on behalf of Dream on Me for the Underlying Action.

27. Because the Policy does not afford coverage for Dream on Me for the Underlying Action, Dream on Me is obligated to repay General Star the $49,115.48 that General Star has paid, and any other amounts that General Star will pay, on behalf of Dream on Me for the Underlying Action.

## PRAYER FOR RELIEF

General Star prays for relief as follows:

(a) On Count One, for a declaration that General Star has no duty to defend or indemnify Dream on Me for the Underlying Action under the Policy;

(b) On Count Two, for a money judgment against Dream on Me in the amount of $49,115.48, or another amount to which General Star may be entitled, plus interest;

(c) An award of attorney's fees and costs in favor of General Star and all other relief that the Court deems just and proper.

## JURY DEMAND

General Star demands a trial by jury on all issues so triable.

Date: June 6, 2019

Respectfully submitted,

By: _____
Gerald T. Ford, Esq.
Landman Corsi Ballaine & Ford, P.C.
One Gateway Center
Fourth Floor
Newark, NJ 07102
Telephone: (973) 623-2700
Fax: (973) 623-4496
*Counsel for Plaintiff General Star Indemnity Company*

Of counsel:
Cara Tseng Duffield
cduffield@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

The undersigned attorney of record for Plaintiff General Star Indemnity Company does hereby certify upon information and belief that the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding except the Underlying Action referenced above.

_____
Gerald T. Ford
*Counsel for Plaintiff General Star Indemnity Company*